UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br><br>       Interpleader,<br><br>  v.<br><br>RICHARD HAHN, CYNTHIA BALCOLM, and DOES 1 THROUGH 20.<br><br>       Claimants. | No. C 09-03674 MHP<br><br>**ORDER RE REPLEADING OR DISMISSAL** |

      Interpleader The Lincoln National Life Insurance Co. ("Lincoln") filed a complaint against claimants Richard Hahn ("Hahn") and Cynthia Balcolm ("Balcolm") regarding a $30,000 life insurance policy to which Hahn and Balcolm have competing claims..

      The complaint filed in this action does not adequately allege grounds for subject matter jurisdiction in this court. Lincoln asserts that it can maintain this action under either Federal Rule of Civil Procedure 22 or the Federal Interpleader Act, 28 U.S.C. § 1335. Under Rule 22, an interpleader-plaintiff must satisfy this court's ordinary subject matter jurisdiction requirements. In other words, Lincoln must allege either (1) that complete diversity exists between itself and all of the claimants and the amount in controversy exceeds $75,000, <u>Rossetti v. Hill</u>, 162 F.2d 892, 892-93 (9th Cir. 1947), or (2) that this action arises under federal law, <u>Gelfgren v. Republic Nat. Life Ins. Co.</u>, 680 F.2d 79, 81 (1982). It has done neither. Although plaintiff alleges that Lincoln is an Indiana corporation and that Hahn is "an individual citizen residing in the State of Massachusetts," (presumably indicating that Hahn is a citizen of Massachusetts), the complaint contains no information about Balcolm's citizenship. Accordingly it is impossible for the court to determine if

1  diversity exists between Lincoln and Balcolm.  Further, the amount in controversy is only $30,000,
2  well short of the requirement for diversity jurisdiction.  Finally, the complaint contains no
3  allegations indicating that this action arises under any federal law.

4  To establish subject matter jurisdiction under the Federal Interpleader Act, a plaintiffs must
5  allege, among other things, that diversity exists between two or more claimants.  28 U.S.C. §
6  1335(a)(1) (stating that a plaintiff-interpleader can maintain an action under the Act as long as there
7  are "two or more adverse claimants, of diverse citizenship . . . ."); see also Gray v. Travelers Indem.
8  Co., 280 F.2d 549, 550 (9th Cir. 1960).  Here, because Lincoln has not provided any information
9  regarding Balcolm's citizenship, the court cannot determine if there is diversity between Hahn and
10 Balcolm, the only two claimants in this action.

11 Federal Rule of Civil Procedure 12(h)(3) provides that "[i]f the court determines at any time
12 that it lacks subject-matter jurisdiction the court must dismiss the action."  Indeed, where the
13 complaint fails to allege a basis for federal jurisdiction the court may dismiss the action *sua sponte*.
14 See Scholastic Entertainment, Inc. v. Fox Entertainment Group, Inc., 336 F.3d 982, 985 (9th Cir.
15 2003).  However, the court will not at this stage dismiss the action because, although the complaint
16 does not contain sufficient allegations to establish subject matter jurisdiction for either a Rule 22 or
17 a statutory interpleader action, plaintiff may be able to cure the deficiency with repleading.

18 Therefore, Lincoln is instructed to file an amended complaint within twenty (20) days of the
19 date of this order, alleging facts necessary to support subject matter jurisdiction in accordance with
20 the above, including specific allegations with respect to the citizenship of Hahn and Balcolm.
21 Failure to amend sufficiently to establish jurisdiction under either Rule 22 or section 1335 will result
22 in dismissal of the complaint.

23
24  IT IS SO ORDERED.
25
26  Dated: August 25, 2009

MARILYN HALL PATEL
United States District Court Judge